IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORENZO GUYTON,

                                                                                           ORDER

                  Plaintiff,

                                                                      17-cv-45-bbc

      v.

JEREMY WILTZIUS, SERGEANT CHATMAN,
PATRICIA A. SCHLAEFFER, SERGEANT BIERKIRCHER,
KATHY WHALEN, RN, JAMIE GOHDE, RN and
MICHAEL A. DITTMANN,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 6, 2017, I denied pro se plaintiff Lorenzo Guyton's motion for assistance in recruiting counsel to represent him in this case brought against several employees at the Columbia Correctional Institution. Dkt. #19. I concluded that plaintiff had not shown that the case is so complex or that his skills are so poor that I should recruit a lawyer for him at this time. With the assistance of another inmate, plaintiff has filed a motion for reconsideration of that decision. Dkt. #20.

I am denying the motion. Most of plaintiff's arguments are the same arguments he made in his previous motion, including that he has no legal experience, has limited literacy skills and has relied completely on the assistance of another inmate, Jeffrey Davis. Plaintiff now adds that he suffers from mental health problems, including post traumatic stress disorder, that he submitted discovery requests to defendants that were unhelpful and that

1

he does not know how to contact an important witness who no longer works for the Department of Corrections.

Even with plaintiff's additional information, I am not persuaded that plaintiff needs counsel at this stage in the case. I have still seen nothing drafted by plaintiff himself to suggest that he cannot understand what is required of him in litigating this case. As for plaintiff's statement that his written discovery requests to defendant were unhelpful, I cannot evaluate whether plaintiff needs help conducting discovery because he did not submit his discovery requests with his motion. Finally, although plaintiff says he needs help in obtaining statements from non-party witnesses, I would not consider recruiting counsel to help him obtain evidence without significantly more information. Plaintiff has not described what information he hopes to obtain from the non-party witnesses. Moreover, plaintiff should be aware that although non-parties *can* provide statements on his behalf, they are not obligated to do so, even if asked by an attorney. Particularly if the non-party is a current or former Department of Corrections employee, an attorney may have little better luck than plaintiff in obtaining a sworn statement.

In sum, I am denying plaintiff's renewed request for counsel because he has not shown that the complexities of this case exceed his abilities to litigate on his own. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). If plaintiff has specific questions about his responsibilities, he should feel free to contact defendant or the court in writing.

ORDER

IT IS ORDERED that plaintiff Lorenzo Guyton's motion for reconsideration, dkt. #20, is DENIED.

Entered this 7th day of December, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge