IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORENZO GUYTON,

                ORDER

          Plaintiff,

                17-cv-45-bbc

    v.

JEREMY WILTZIUS, SERGEANT CHATMAN,
PATRICIA A. SCHLAEFFER, SERGEANT BIERKIRCHER,
KATHY WHALEN, RN, JAMIE GOHDE, RN and
MICHAEL A. DITTMANN,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Two motions are before the court in this pro se prisoner lawsuit. Plaintiff Lorenzo Guyton has filed a motion to extend the dispositive motion deadline from January 19, 2018 until March 2, 2018 or until he has received satisfactory responses from defendants to his discovery requests, whichever is later. Dkt. #24. I will grant this motion in part by extending the dispositive motion deadline by 30 days, until February 20, 2018. Even taking into consideration the time it will take for plaintiff to communicate with his jailhouse lawyer, Jeffrey Davis, 30 days should be sufficient time for the parties to resolve their discovery disputes or file a motion to compel with the court. Additionally, plaintiff should be aware that he is not required to file any dispositive motion, and many pro se plaintiffs choose not to do so. As set forth in the pretrial conference order, dkt. #12, plaintiff is only required to respond to a dispositive motion filed by defendants, if they choose to file one.

1

This brings me to the second pending motion, which is defendants' motion to strike the remaining calendar, recruit mediation counsel for plaintiff and refer the case to Magistrate Judge Peter Oppeneer for mediation. Dkt. #25. Defendants state that based on counsel's evaluation of the case, "a motion for partial summary judgment is warranted seeking dismissal of some of the defendants," but that "there are material disputes of fact concerning some of the claims against other defendants which will require a trial of those claims." Defendants' counsel further states that if this case is referred for mediation, the parties will likely be able to resolve the entire matter, but if not, the calendar could be re-set at a future time.

I am denying defendants' motion. As a general matter, this court does not order parties to engage in mediation or stay cases while mediation is ongoing. That being said, the parties do not need a referral from the court to proceed with mediation. If the parties believe that this case can be fully resolved through mediation, they are free to contact Magistrate Oppeneer directly. They are also, of course, free to negotiate a resolution on their own and without court assistance or intervention.

As for defendants' request that the court recruit counsel for plaintiff for mediation purposes, I am denying that request as well. As I explained to plaintiff in denying his two previous motions for assistance in recruiting counsel, there are only a limited number of attorneys willing and able to handle cases on a pro bono basis in this district. Therefore, the court only attempts to recruit counsel in cases in which it is clear that the complexities of the case exceed the plaintiff's abilities to litigate on his own. Pruitt v. Mote, 503 F.3d 647, 649

(7th Cir. 2007). For reasons explained already, I am not persuaded that this is an appropriate case in which to recruit counsel, at least at this stage.

Further, defendants admit that the claims in this case may be reduced through the summary judgment process. Although I understand that preparing summary judgment materials is a time-consuming process, it is much easier for the court to evaluate the complexities of a case for purposes of recruiting counsel after receiving and reviewing the parties' summary judgment efforts. For these reasons, I am denying defendants' motion.

ORDER

IT IS ORDERED that

1. Plaintiff Lorenzo Guyton's motion to extend the dispositive motion deadline, dkt. #24, is GRANTED IN PART and DENIED IN PART. The dispositive motion deadline is extended to February 20, 2018.

2. Defendants' motion to stay the calendar and refer the case to mediation, dkt. #25, is DENIED.

Entered this 17th day of January, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge